*Merriam*
*v.*
*Middlesex*
*Mutual Fire*
*Ins. Co.*

---

## EBER WOODS Junior *versus* BENJAMIN F. VARNUM.

A justice of the peace issued a notification, that a debtor committed on execution intended to take the poor debtor's oath at a certain time, and an officer returned that he had served a copy on the creditor, whereas by the supposed copy a different time was fixed, and at the time appointed in the original notification the debtor took the oath, in the absence of the creditor, and was discharged. In an action by the creditor against the officer for a false return, it was *held*, that the officer might give in evidence, in mitigation of damages, that the debtor had no attachable or visible property, and that if this, in connexion with the other evidence in the case, should satisfy the jury that the debtor was entitled to take the oath, the plaintiff ought to recover only nominal damages.

ACTION of the case against the sheriff of Middlesex, for the false return of W. A. Bancroft, his deputy, upon a notification under *St.* 1787, *c.* 29, entitled " an act for the relief of poor prisoners, who are committed by execution for debt." Trial before *Wilde* J.

The plaintiff proved, that on August 7, 1835, one Sanderson was committed to the common gaol in Concord on an execution in favor of the plaintiff for $15·89 ; that on the application of Sanderson, a notification was issued to the plaintiff, by a justice of the peace, appointing the time and

Woods
v.
Varnum.

place for taking the poor debtor's oath, viz. the 7th of September, 1835, at one of the clock in the *afternoon*, at the house of Abel Moore, the deputy gaoler, near the gaol ; that the justice issued his writ or precept, directed to the sheriff or his deputy, commanding them to serve the notification on the plaintiff, by reading it to him or by leaving an attested copy at his usual place of abode ; that the same was delivered to Bancroft for service, and that he returned thereon, that he had served the notification by delivering to the plaintiff a true and attested copy on the 7th of August ; and that at the time and place appointed in the notification, Sanderson took the oath and was thereupon discharged from any further imprisonment upon the execution.

The plaintiff then proved, that the paper which was delivered to him by Bancroft, was not a true copy of the notification, inasmuch as the plaintiff was therein notified that the time appointed for taking the oath was at one of the clock in the *forenoon* ; that at that time he went from Groton to the dwellinghouse of Moore, in Concord, and found the door fastened and the lights extinguished, and remained near the house until about two o'clock A. M. and saw no person belonging to the house nor any movement therein, and then returned to Groton ; and that one Jacobs charged him three dollars for carrying him to Concord.

The defendant then offered evidence, in mitigation of damages, tending to prove that Sanderson, at the time when he was admitted to take the oath, had no attachable or visible property. The plaintiff objected to this evidence as inadmissible ; but the objection was overruled and the evidence admitted.

The plaintiff then proved, that on the 1st of August, 1835, Sanderson recovered judgment against him for $12·12, and on the 6th of August sued out his writ of execution thereon, but did not deliver it to Bancroft for service, until after his commitment upon the plaintiff's execution ; and that on the 10th the plaintiff paid the amount of that execution to Bancroft as a deputy sheriff.

The jury were instructed, that *primâ facie* the measure of the plaintiff's damages was the amount of his execution and the actual expenses occasioned by the default of the defendant's

deputy ; out that the defendant had introduced evidence tending to prove that Sanderson had no attachable or visible property, at the time when he took the oath, and that this was competent evidence for them to consider, in estimating the damages ; and they were directed, that if upon this evidence, considered in connexion with the plaintiff's evidence, they were satisfied that Sanderson was entitled to take the oath, at the time when he did take it, they should consider that fact in estimating the damages.

The jury returned a verdict for the plaintiff for three dollars damages. The plaintiff excepted to the admission of the evidence objected to, and to the instruction of the judge.

*Farley* and *B. Russell*, for the plaintiff, said that proof of Sanderson's having no attachable or visible property, would not show that he had no property, and therefore the evidence in question was immaterial ; and that it was secondary in its nature, Sanderson himself being the best witness to prove that by reason of poverty he was entitled to take the oath. They cited *St.* 1787, *c.* 29 ; Revised Stat. *c.* 98 ; *Simmons* v. *Bradford*, 15 Mass. R. 82 ; *Heppel* v. *King*, 7 T. R. 370.

*L. Williams*, for the defendant, cited *Weld* v. *Bartlett*, 10 Mass. R. 473.

*Jan.* 31*st*, 1839, *at Boston.*

*Feb.* 1*st*

PUTNAM J. delivered the opinion of the Court. Upon this report the question arises, whether the evidence which the judge admitted should have been rejected. It is not suggested that, if the evidence were competent, the verdict was too small.

It is not intended, in the opinion now given, to exonerate the sheriff or any public officer from an exact performance of his duty. The public has a right to require it, and individuals who sustain injury from their neglect of duty, may have a remedy adequate to the measure of damage which has been received. Thus, suppose the debtor had abundance of property in his personal control, which could not be come at to be attached, and that the only remedy of the creditor, was against the person of the debtor. In such a case it might happen that a debtor, under the pressure of imprisonment, would pay his debt when but for that inconvenience he would set justice and his creditor at defiance. Nobody would say in such a case, that a creditor who was deprived of an opportunity of showing

the facts above stated, would not be entitled to a substantial compensation for such neglect. If the damage has been occasioned however by the fault or fraud of the creditor, the fact, upon plain principles of law and justice, should be taken into consideration by the jury. And if after a fair consideration of the whole case the party complaining has not in truth and in fact received a substantial damage, it would be the duty of the jury to give only nominal damage for the breach of duty on the part of the officer.

The principles upon which this case should be decided were recognised in this Court many years ago, in the case of *Weld* v. *Bartlett*, 10 Mass. R. 473. That was a complaint against the sheriff for a false return. He returned that he had taken bail, but in fact he had not done so. He was permitted to show that the debtor was extremely sick and poor, and that after the judgment was obtained the debtor might have been taken on execution and committed to gaol if the plaintiff had pleased, but that if he had been committed to prison, he would on account of his extreme poverty have been entitled to take, and would have been discharged upon taking, the poor prisoner's oath.

That case is much more favorable for a claim of substantial damage than the case now under consideration. For if bail had been taken in that case, it might have happened that the bail would have been charged by some matter or reason, intentional or accidental, on the part of the principal. But in the case at bar the debtor, for a sum exceedingly small, was actually imprisoned on the execution. The whole amount of the execution, including the fees of the officer, did not amount to $20. And in fact the debtor actually did take the oath required to be taken by poor prisoners and he was discharged. The damage is said to be the loss of a remedy of imprisonment against the person of the debtor ; and it seems to us too clear for argument, that it was merely nominal.

The instruction was correct, and the only mistake which has been made, if any, was that the jury gave $3, instead of damages strictly nominal.

It cannot be believed, we think, that the plaintiff did not understand that the officer had made a mistake in his copy,

inserting *forenoon* instead of *afternoon*. He could not, as it seems to us, really believe that the time appointed for the examination for admitting the debtor to his oath, was at the hour after midnight, and the jury might well have come to the conclusion that the night journey from Groton to Concord to attend to that examination, was not made in good faith, but was in truth a part of the contrivance to charge the officer for a mere inadvertence. If the jury had taken that view, they might well have disallowed the charge of $3, which the plaintiff paid to a man to carry him to Concord on that occasion. But the defendant makes no objection to the verdict, and for the reasons before stated, we think that the plaintiff has no legal reason to do so.

Let the judgment be rendered upon the verdict for three dollars damages, and one quarter part of that sum for costs.